UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jalal Askander  )<br>  )<br>　Plaintiff,  )<br>  )<br>　　v.  )<br>  )<br>Research Triangle Institute, International  )<br>  )<br>　and  )<br>  )<br>Unity Resources Group, L.L.C.  )<br>  )<br>　Defendants.  )<br>  ) | Civil Action No. 08-595 (PLF) |

**PLAINTIFF'S RESPONSE TO CHADBOURNE & PARKE,
LLP'S MOTION TO WITHDRAW APPEARANCE AS COUNSEL
OF RECORD FOR DEFENDANT UNITY RESOURCES GROUP**

The Plaintiff in this case, Jalal Askander, respectfully opposes the withdrawal of Chadbourne & Parke, LLP as counsel of record until such time as another attorney enters an appearance on behalf of Defendant Unity Resources Group. Without counsel in place, Plaintiff has no way to send notices to the Defendant and the litigation cannot proceed. Defendant's own counsel is unsure how to send legal notices to Defendant, referring to the address given for Defendant's corporate headquarters – a hotel room in Dubai – as its "last known mailing and shipping address." See Exhibit A to Declaration of Robert A Schwinger, Attachment to Chadbourne & Parke's Motion to Withdraw, Certificate of Service.

Defendant's Motion to Dismiss will be fully briefed in two days time. Between this Motion and the Motion to Dismiss filed by co-defendant Research Triangle Institute,

and similar motions made in the Manook case, the Court has numerous legal issues to sort out. It's unlikely Chadbourne & Parke, LLP will have anything it needs to do to defend the case while the Court is working on this. It seems reasonable to allow Defendant Unity Resources Group this time to find new counsel, and it would be a minimal hardship to Chadbourne & Parke, LLP to require it to stay in the case for the next few months.

Plaintiff is unable to determine whether Defendant has a legitimate dispute with its counsel, or whether Defendant has no intention of spending any money to defend the case. Chadbourne & Parke, LLP has apparently charged its client "hundreds of thousands of dollars" to file the same relatively simple Motion to Dismiss in this, and in the Manook case. Defendant may be well within its rights to dispute the fee.

On the other hand, if after several months, no new attorney has entered an appearance on behalf of the Defendant, this would show that the Defendant does not intend to defend the case, and Plaintiff would have no objection to the Court's releasing Chadbourne & Parke, LLP from its obligations. Unity Resources Group is apparently a $57 million corporation with worldwide operations. See Declaration of Patrick Gaul, Attachment to Unity Resources Group's Motion to Dismiss, Docket Entry 13-4, at ¶ 11. A corporation this size should have in-house counsel who could appear pro hac vice until Defendant retains new outside counsel.

After the Court rules on the pending Motions to Dismiss, and presuming the counts against the Defendant are not dismissed, the clock will start running for the Defendant to answer the complaint. Plaintiff will have no objection if the Defendant doesn't answer. It would be better for the Defendant to default at this stage than to force

Chadbourne & Parke, LLP to undertake discovery, which Plaintiff expects will require a substantial effort as well as the Defendant's cooperation. If the Defendant stops defending the case during discovery, the end game will be a mess of motions to compel and motions for sanctions.

Therefore, it is Plaintiff's proposal that the Court take Chadbourne & Parke, LLP's Motion to Withdraw as Counsel under advisement until such time as the Court rules on Unity Resources Group's Motion to Dismiss. If, at that time, no new counsel has entered an appearance for Defendant, and Chadbourne & Parke, LLP has not withdrawn its motion, it would appear best for all concerned to grant Chadbourne & Parke, LLP's motion and release them from their duty to defend their client.

## Conclusion

For the foregoing reasons, Plaintiff Jalal Askander opposes Chadbourne & Parke, LLP's Motion to Withdraw as Counsel until such time as the Court rules on Defendant Unity Resources Group's Motion to Dismiss.

Respectfully submitted,

/s/ Paul Wolf

Paul Wolf
D.C. Bar #480285
P.O. Box 11244
Washington, D.C. 20008-1244
(202) 674-9653
paulwolf@icdc.com

## Certificate of Service

I hereby certify that on August 19, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Paul Wolf
_____
Paul Wolf